1-800-553-2050 The appellant is ready to proceed May it please the court, my name is Nate Kellum and I represent the appellant, Gabriel Olivier Olivier comes to this court seeking access to the court so that he can challenge the unconstitutional restriction of a city ordinance applied to his protected speech in a public forum The district court dismissed his claim for prospective relief on the basis of Heck v. Humphrey This kept Olivier from being able to pursue any challenge to this ordinance at any point in the future and it's just because he happened to be charged under the ordinance and paid a fine The district court erred in this application of Heck because it applied Heck in ways that were never intended to circumstances that were never contemplated when the Supreme Court developed this doctrine which predominantly deals with prisoners who are seeking relief either trying to overturn convictions or trying to limit the duration of their imprisonment through section 1983 actions Not traditional civil rights claims like Olivier. It is very different. Olivier has no access to habeas corpus and the Supreme Court has constantly said that's what Heck is about, it's in the core of habeas corpus He had no access to it at any point because he was never in custody. Also he never had any interest in limiting his imprisonment because he was never in prison and also he has never had any interest in challenging the underlying conviction His claim for prospective relief is forward looking. What he wants to do is he wants to go back. He wants to go back to Quarry Park and be able to express his beliefs, be able to share his views with others without the impediment of the unconstitutional ordinance. And yet the application of Heck is keeping him from doing this If the statute is declared unconstitutional, doesn't it effectively, even if he's not directly seeking that relief, does it effectively undermine his conviction? The ordinance is found to be unconstitutional The language from the Supreme Court in this court is that it would have to necessarily imply the invalidity of the conviction That's not what we have here I don't believe so because with Olivier it would really require more of an affirmative step because he's not seeking to expunge his record. He's not seeking to do anything with the conviction. What he wants to do is he wants to go out there next week. He wants to be able to speak next week So it really doesn't deal with the underlying facts. It wouldn't refute any of the underlying facts of the conviction. It wouldn't deal with the conviction itself. It really deals simply with an unconstitutional ordinance that continues to hang over his head He wants to pursue relief that I do not believe is contemplated by the Supreme Court or this court in its rulings because the relief is prospective in nature The Supreme Court in a couple of cases, in Edwards v. Balasag in a 1997 decision, in Wilkinson v. Dotson in a 2005 decision, in those cases the court had prospective relief and did not apply HECA as a bar And this court has followed this with one exception and that was in a Clark v. Stadler decision And I think what's unique about that case is that in Clark v. Stadler, in addition to prospective relief, there is also a claim for damages And so what this court held was is because the prospective relief was so intertwined with the claim for damages, it would essentially have the same effect And so what's different about Olivier, he's not making a claim for damages and so there is no residual effect from injunctive relief or prospective relief And with that being the difference, HECA is just simply inapplicable here If we were to agree with you and hold that HECA v. Humphrey doesn't apply here, do we need to reconsider Clark in light of Dotson and Skinner? No, Your Honor. I don't believe so because Clark is distinguishable. It is distinguishable in a couple of different ways One is because it did involve this intertwinement between the claim for prospective relief and the claim for damages That's missing here with Olivier. There is no claim for damages Also, Clark had an opportunity for habeas corpus, which Olivier did not and does not I guess I'm not understanding how because Clark was a claim for damages, it's significantly different from what we have here Because it seems to me that in both Clark and in this case, there's a determination that the ordinance is unconstitutional Then you have what I think Judge Douglas referred to as it's effectively the same thing You have a determination that this underlying ordinance is unconstitutional And that's what HECA says you can't do and that's what we explained in Clark even further, I think You don't get to do that and that's exactly what Olivier is asking in this case, isn't it? No, Your Honor. I don't believe so Well, he wants a declaration that the ordinance is unconstitutional That would be part of the injunctive relief, no question And you're saying that doesn't have any effect at all, doesn't have any meaning with regard to his conviction I wouldn't say, but that's not just standard. Does it have any effect? The standard is, does it necessarily imply? And it really doesn't fall in that It doesn't necessarily imply what? That the invalidity of the conviction. That's what the language is from the Supreme Court and this court actually in Clark And so your contention is a declaration that the ordinance is unconstitutional doesn't call into question the validity of a conviction for violation of that ordinance I wouldn't say it doesn't call into question. What I'm saying is it doesn't necessarily imply And the reason why that's important is because it would take an affirmative step on Olivier's point It would stop him from taking that affirmative step at some time in the future He doesn't have any interest in doing it. That's not what he wants to pursue He's not trying to do an end run in order to undermine the conviction, Your Honor What he wants to do is he really wants this injunctive relief. He really wants to speak That's what he's seeking This court is really, this is a case of, I would say, a matter of first impression In a sense of you have a combination of things that's different from Clark You have a combination of a plaintiff who did not have an opportunity for habeas corpus, none He couldn't pursue that route. And yet he's seeking prospective relief So he's really denied of any opportunity to challenge the law in federal court And so this is mentioned in the Gavalaza v. City of Dallas That's a case in the Northern District of Texas, Judge Godbee He talked about how this court is yet to deal with that combination And so didn't find any Fifth Circuit case dealing with it Looked at Supreme Court precedents and also looked at a case in the Ninth Circuit And that was Martin v. City of Boise, which dealt with a very similar situation In fact, all these three, these are the three cases that line up Gavalaza, Martin, and Olivier Because these are cases that were the plaintiffs, in the same type of laws Where they're challenging, in Gavalaza, it was a panhandling law In Martin, it was a homeless individual challenging a camping law And what you have there is you have, this doesn't involve a prisoner who's in custody These are folks who are paying fines And also, they're seeking perspective relief Because they want to be able to engage in this conduct in the future And what Judge Godbee held in Gavalaza was that HEC doesn't apply because of that That's what the Ninth Circuit held in Martin, that HEC doesn't apply in these circumstances And so with this matter of first impression before this court I would submit that would be appropriate for this court To say that this isn't an overruling of Clark Actually, it's really just an extension of this court in these circumstances Where you have a plaintiff who does not have the capacity to seek a habeas corpus And he's seeking perspective relief in those circumstances HEC does not apply To hold otherwise would really lead to some perverse results Not just with Olivier, but any others Because someone's challenging a panhandling law They're challenging a camping law like that in Martin And they pay a fine They can never challenge that law, ever No matter how much they want to in conducting that activity That can't be The Supreme Court certainly has not, this court certainly has not Indicated that HEC could possibly stretch that far It would insulate unconstitutional laws from challenge That would pervert the very idea of a 1983 claim Simply cannot allow for that to happen That would be, I believe, an outlier I would suggest, your honors When you take a look at the body of law Regarding abstention doctrines, preclusion doctrines In every other area Take a look at the Rooker-Feldman doctrine Take a look at Younger abstention None of them apply to prospective relief None of them And the reason is, is because it doesn't deal with the underlying action And it really has this balance Where you have this comedy between Respecting state court decisions Which certainly, I believe, this court should be able to do Respect the decisions of state criminal courts But the balance of allowing plaintiffs who are grieved Who've had their rights violated To be able to pursue and obtain relief in federal court To allow them to have access to the court That's truly what is at stake here And in achieving this balance I would submit to the court that Judge Godvey And Govaza, the Ninth Circuit, and Martin That they got it right That that's the correct balance here Is where you look at Okay, is it prospective relief? Also, did this person have the capacity to seek a habeas corpus? And if so, with the prospective relief Is it so intertwined with the claim for damages That it would effectively achieve the same result as the damages? And if it does not And if you don't have a damages claim Just like you don't have here Then in those circumstances Heck, it does not apply And for good reason Because it would keep individuals' civil rights plans Like Olivier's From being able to obtain relief That they very much deserve That's, I believe The extent of my comments at this time But I'll be happy to answer any questions the court may have Thank you, Counselor Thank you Mr. Butler Good morning, Your Honors Heck bars civil claims that would, quote Necessarily imply the invalidity of criminal convictions That's the rule regardless of whether a plaintiff seeks money damages Seeks declaratory relief Or seeks injunction My friend on the other side presents it As if it's categorical Saying that it just doesn't apply to his client's request for an injunction But that's just not how Heck works Heck requires a context-specific determination To make that validity determination We see that probably best from this Court's excessive force cases Sometimes Heck bars excessive force claims Sometimes it doesn't It depends on the claims brought The relief sought The factual theory pressed by the plaintiff And that's really the essence of our forfeiture argument here Is that the plaintiff really didn't give the court enough information At least in the opening brief To be able to make that determination Below he brought both 14th Amendment and First Amendment claims The claims don't even make an appearance in the opening brief Except in the statement of the case There's no distinguishing in the opening brief Between as-applied challenges, facial challenges That's an important distinction So that's the basis of our forfeiture argument But once you get around to trying to clarify Exactly what the plaintiff's position is It runs headfirst into Clark v. Stalter In that case, this Court, sitting on Bonk Said that a First Amendment facial challenge To a rule is barred under Heck And that's exactly what we have in this case Now what plaintiff tries to do on appeal Is disclaim any claim for damages But that's not what he argued Or that's not what is before the District Court If you look at his complaint, page 24 of the record Paragraph F, this is exactly what the complaint says It says, one of the requests for relief Is that this Court award Olivier compensatory damages For injuries sustained and expenses incurred So this trying to disclaim and draw a distinction Between money damages and intertwined and all that That's a new theory on appeal That's an improper interpretation of Heck Just as a matter of law But it's also factually inaccurate What the Supreme Court said in Wilkinson Now one thing he tried to do was draw this distinction Between Rooker-Feldman and abstention And say, you know, none of these doctrines Apply to injunctive relief We know from Wilkinson that Heck applies to injunctive relief Because that's exactly what Wilkinson said What Wilkinson said is that you have to look at Whether or not the challenge is one of procedure Or is it one of substance And so in that case, for example, it was a parole hearing And the Court said, OK, if the plaintiff wins his 1983 suit Nothing changes about what happened in the past All he does is get a new parole hearing With different procedures next time around Because the procedures in the past Would be declared unconstitutional That's not what we have here What he wants is a declaration that this ordinance For the city of Brandon is unconstitutional And the result of that would be That he would have been convicted Under an unconstitutional ordinance And therefore his prior conviction would be invalid So he's just not a proper plaintiff He presents Heck as if it is a habeas rule It is not What Heck is all about is collateral attacks You don't have to be in jail for a Heck bar to apply What it's about is where is the proper venue To make your constitutional challenge Mr. Olivier pled no contest in the municipal court That generally means that you take it up to the circuit court He could have challenged the constitutionality in the circuit court He could have challenged constitutionality in the Mississippi Court of Appeals He could have challenged constitutionality in the Mississippi Supreme Court And he could have applied for cert to the United States Supreme Court On constitutional grounds That's what Heck is about It's about where do you have to make these challenges And the fact of the matter is He's made himself no longer a proper plaintiff To make a facial constitutional challenge to this rule We also, I think he says in the brief He encourages the court not to create a circuit split Based on that Martin case With all due respect, the Ninth Circuit is who made the circuit split This court's decision in Clark came in 1999 And the rationale from the dissenters in the Martin case Was the same as the rationale from this court's en banc decision in Clark It said that a facial challenge to this rule If we declared it unconstitutional It would mean as a matter of substance This individual would have been convicted under an unconstitutional rule And that necessarily implies the invalidity of the conviction So that is our argument under Heck I think what I would say If the court has any problem with Judge Wingate's application of Heck Then both sides ask this court to reach the merits of this case So we would encourage the court to do that If there's any problem But again, I think it's on all fours with Clark Our argument, just briefly, on the merits Is that this is exactly the kind of reasonable time, place and manner Restriction that the Supreme Court has endorsed We filed a 28-J from a companion case That's pending before Judge Jordan And now on appeal before this court And he certainly found the ordinance to be content neutral And that's what these First Amendment challenges are all about Is preventing viewpoint discrimination And there's no viewpoint discrimination here This is a rule by a city that applies during a limited period of time For public safety To protect people traveling on the road From both vehicular and pedestrian traffic To protect the interests of these concertgoers Who pay good money to see these events And we think it's constitutional So unless the court has any questions  Thank you, Your Honor Mr. Counsel Rebuttal Thank you, Your Honor Dealing briefly with the damages It's certainly true that Olivier brought damages initially But filed a motion to amend to drop those damages claim And made clear on this appeal That he's not pursuing damages any longer His claim deals with perspective relief And, Your Honor, respectfully With this issue It is an issue that was not addressed in Clark As an issue, I would say, of first impression And that is you have a plaintiff Who did not have an opportunity for habeas corpus Who also is seeking perspective relief And that is what was set out in the Martin case So that's why Martin certainly did not create a circuit So you're saying in the district court You withdrew the claim for damages I filed a motion to amend to drop that damages claim It certainly did, Judge And the motion was granted The motion was not entertained So the claim is still alive I don't believe so We withdrew it We're not pursuing it So but for that motion Your case is just like Clark Well, I'm not really sure of that, Judge I think on appeal that you can The purposes of the appeal We only pursued the perspective relief So I wouldn't say that would be the case Because I think we've made that clear That we're not pursuing retrospective relief But perspective relief This is what I think is the concern of the case And the city confirmed this in their briefing He says, okay, what does this leave for Olivier? What opportunity can he have to challenge An unconstitutional ordinance that continues to haunt him? How can he deal with it? Your opposing counsel says he should have Instead of pleading guilty He should have challenged it at that time That's right He says that instead of just paying a fine What I think typically most folks would do To challenge that But at this point, what can he do? What are his options? And what Brandon says is, well, get arrested again Go ahead and get arrested intentionally And then you can challenge it in state court But what happens at the very best In state criminal court You could have a finding that the state court says Yeah, that's unconstitutional He can never seek injunctive relief Ever Because he has no access to federal court There's no court in the country That has supported That position That the city is adopting here Certainly not this court And I suggest that in this case, the court not do so Thank you Thank you, counsel That concludes the matters that are on today's docket for oral arguments